Paul E. MERRILL, as Executor of the Estate of John B. Merrill, Deceased, and as Administrator of the Estate of Ann T. Merrill, Deceased, Plaintiff,

v.

UNITED AIR LINES, Inc., Defendant.

United States District Court
S. D. New York.
March 20, 1957.

The five interrogatories which follow differ only from the quoted one in that, in place of the description "a mechanical mal-function or failure", each substitutes some other conceivable factor, i.e., "mal-function or failure of the control system of the airplane", "a structural mal-function or failure", "mal-function or failure of the hydraulic system of the airplane", "mal-function or failure of the engines or propellers of the airplane" or "mal-function or failure of the navigational facilities on the ground".

Then interrogatory 20 goes on to ask whether the defendant will claim at the trial of the action that any one of the six enumerated conceivable factors caused or contributed to the accident. Interrogatory 21 asks the final question: "If the answer to the preceding interrogatory is in the affirmative, state specifically and in detail what the said claim of the defendant will be."

These eight interrogatories add up to a question put by plaintiff to defendant: "What is your story going to be at the trial?"

I do not know that there is any objection to this in the ordinary case. Though some ask what is so terrible about surprise, there is no doubt that it is the purpose of the modern federal practice to eliminate surprise as far as possible. There is no better way to do that than to have the parties know each other's stories in advance of the trial. There must, however, be exceptions to the general rule where parties ought not to be required to commit themselves too definitely. An airplane crash case seems to me to be one of those cases. In many, if not most, of those cases the defendant knows little more about the cause of the accident than the plaintiff. That may be the case here. Yet plaintiff has asked defendant to answer a series of questions the net result of which would be to commit defendant to a particular cause of the accident. That is the result of interrogatory 20 which reads "Will the defendant claim at the trial of this action that a mal-function

Kreindler & Kreindler, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant.

DIMOCK, District Judge.

This is an action to recover damages for death in an airplane crash. Plaintiff has asked in interrogatories numbered 14 to 19 inclusive a series of questions in the following form:

"Is the defendant aware of any facts or evidence indicating a mechanical mal-function or failure that caused or contributed to the accident? If so, state the nature of the facts or evidence and the malfunction or failure it indicates."

or failure of the airplane [or one of the other five enumerated conceivable factors] caused or contributed to the accident?"

It seems to me that defendant can be protected from being required to put itself in a strait jacket and plaintiff can obtain all that he is entitled to if interrogatory 20 is amended so as to ask whether the defendant will claim that one or more of the six enumerated causes *may have* caused or contributed to the accident.

With interrogatory 20 thus amended the objections to the eight interrogatories are overruled.